**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keyandia Valetta Campbell, | No. CV-23-00348-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Katie Hobbs, et al., | |
| Defendants. | |

Plaintiff Keyandia Valetta Campbell ("Plaintiff") has filed an Application to Proceed in District Court Without Prepaying Fees or Cost (Doc. 2). Upon review, Plaintiff's Application, signed under penalty of perjury, indicates that she is financially unable to pay the filing fee. The Court will grant Plaintiff's Application and allow her to proceed *in forma pauperis* ("IFP"). Pursuant to 28 U.S.C. § 1915(e)(2), the Court will proceed to screen Plaintiff's Complaint (Doc. 1).

**I.   Legal Standard**

The determination that Plaintiff may proceed IFP does not end the inquiry under 28 U.S.C. § 1915. When a party has been granted IFP status, the Court must review the complaint to determine whether the action:

(i)   is frivolous or malicious;

(ii)  fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

*See* 28 U.S.C. § 1915(e)(2)(B).[1]  In conducting this review, "section 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted). Rule 8(a) of the Federal Rules of Civil Procedure requires that:

> A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[2]  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."

---

[1] "While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*, §1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners." *Long v. Maricopa Cmty. College Dist.*, 2012 WL 588965, at *1 (D. Ariz. Feb. 22, 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints[.]"); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.") (citation omitted). Therefore, section 1915 applies to this non-prisoner IFP complaint.

[2] "Although the *Iqbal* Court was addressing pleading standards in the context of a Rule 12(b)(6) motion, the Court finds that those standards also apply in the initial screening of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A since *Iqbal* discusses the general pleading standards of Rule 8, which apply in all civil actions." *McLemore v. Dennis Dillon Automotive Group, Inc.*, 2013 WL 97767, at *2 n. 1 (D. Idaho Jan. 8, 2013).

*Twombly*, 550 U.S. at 555.  Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id.* at 557.

The Court must accept all well-pleaded factual allegations as true and interpret the facts in the light most favorable to the plaintiff.  *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  That rule does not apply, however, to legal conclusions.  *Iqbal*, 556 U.S. at 678.  The Court is mindful that it must "construe pro se filings liberally when evaluating them under *Iqbal*."  *Jackson v. Barnes*, 749 F.3d 755, 763–64 (9th Cir. 2014) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir.  2010)).

## II. Statutory Screening

Plaintiff has filed at least seven other complaints in this district.[3]  Here, Plaintiff brings suit against Arizona Governor Katie Hobbs, the Arizona Department of Child Safety ("DCS"), and the Honorable Judge Christopher Whitten ("Judge Whitten") (collectively "Defendants").  (Doc. 1 at 2).  Plaintiff summarizes her allegations as "[y]ears of harassment, bullying, and conspiracy with no intent to help me as a parent.  Targeting me because I don't have much family support and because I'm of color or black."  (*Id.* at 4).  She does not specify an amount in controversy but seeks punitive damages, compensatory damages, and "prospective relief (e.g. change of policy, training, development of policy)."  (*Id.*)

Plaintiff claims that Defendants violated her "right to educat[ion], right to adequat[e] housing, 28 U.S. Code section 1447, 28 U.S. Code Section 1441 removal of civil action, Amendment 14 section 1 . . . [and] 18 U.S. Code section 241 conspiracy against righ[t.]"  (*Id.* at 3).  As discussed below, the Court will dismiss Plaintiff's

---

[3] *See Campbell v. Phoenix Police Department et al.*, No. 2:23-cv-00134-ROS-MTM (D. Ariz.) (currently pending); *Campbell v. Halikowski et al.*, No. 2:21-cv-01978-DWL (D. Ariz.) (closed on Jan. 6, 2022); *Campbell v. Faust et al.*, No. 2:21-cv-01977-DWL (D. Ariz.) (closed on Dec. 29, 2021); *Campbell v. Phoenix Municipal Court*, 2:21-cv-01976-ROS-MTM (D. Ariz.) (closed on Dec. 10, 2021); *Campbell v. Flores et al.*, 2:21-cv-01973-ROS-MTM (D. Ariz.) (closed on Jan. 21, 2022); *Campbell v. Phoenix Police Department*, 2:21-cv-01972-ROS-MTM (D. Ariz.) (closed on Feb. 2, 2022); *Campbell v. Tempe Police Department*, No. 2:21-cv-01971-ROS-MTM (D. Ariz.) (closed on Jan. 24, 2022).

Complaint because it does not give rise to any cognizable claim and purports to bring claims against DCS and Judge Whitten that are barred.

### A. Plaintiff's Claims

#### 1. Constitutional Claims

Plaintiff appears to assert violations of her right to education, her right to adequate housing, and her rights guaranteed under Section 1 of the Fourteenth Amendment. *Id.* Thus, the Court will construe these claims as brought under 42 U.S.C. § 1983, which creates a private right of action for a plaintiff to assert a violation of their federal constitutional rights. To state a Section 1983 claim, a plaintiff must allege (1) the violation of a constitutional right that was (2) committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

##### a. Right to Education

First, "there is no federally recognized constitutional right to an education." *Nails v. Guilbault*, 2022 WL 2132270, at *2 (D. Ariz. June 14, 2022), *appeal dismissed*, 2023 WL 1791870 (9th Cir. Jan. 20, 2023) (quoting *Mays ex rel. P.P. v. Clark Cnty. Sch. Dist.*, 2022 WL 943173, at *2 (D. Nev. Mar. 27, 2022)); *Plyler v. Doe*, 457 U.S. 202, 221 (1982); *Payne v. Peninsula Sch. Dist.*, 653 F.3d 863, 880 (9th Cir. 2011).

##### b. Right to Adequate Housing

Second, there is no federally recognized constitutional right to housing. *See Lindsey v. Normet*, 405 U.S. 56, 74 (1972) (explaining there is no "constitutional guarantee of access to dwellings of a particular quality" and "[a]bsent constitutional mandate, the assurance of adequate housing . . . are legislative, not judicial, functions"); *see also Jones v. City of N.Y.*, 2023 WL 1868245, at *4 (S.D.N.Y. Feb. 6, 2023).

##### c. Fourteenth Amendment

Last, Plaintiff does not adequately state a violation of her rights guaranteed by the Section 1 of the Fourteenth Amendment. Section 1 states the following:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the

> privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV, § 1. It establishes "personal rights" by way of the Citizenship Clause,[4] Privileges and Immunities Clause,[5] Due Process Clause,[6] and the Equal Protection Clause.[7] *Richmond v. J. A. Croson Co.*, 488 U.S. 469, 493 (1989) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 22 (1948)).

Apart from citing the Section generally, Plaintiff does not specify how Defendants have allegedly abridged her rights guaranteed by any of the four Clauses. Plaintiff does not provide any facts detailing the Defendants' alleged conduct other than the general actions of "harassment," "bullying," and "targeting." These naked assertions are devoid of any factual enhancement and the Court cannot infer what misconduct Defendants are allegedly liable for. *Twombly*, 550 U.S. at 556–57. Plaintiff therefore fails to state a claim under 42 U.S.C. § 1983 on Fourteenth Amendment grounds.

### 2. 28 U.S.C §§ 1441, 1447

The removal of civil actions from state court to federal court is governed by

---

[4] The Citizenship Clause ensures that citizens can "claim the state citizenship of any State in which they resided" and precludes that State "from abridging their rights of national citizenship." *Saenz v. Roe*, 526 U.S. 489, 502 n. 15 (1999). It "expressly equates citizenship with residence" and "does not provide for, and does not allow for, degrees of citizenship based on length of residence." *Id.* (citing *Zobel v. Williams*, 457 U.S. 55, 69 (1982)).

[5] The Privileges and Immunities Clause bars discrimination based on residency and "was designed to place the citizens of each State upon the same footing with citizens of other States, so far as the advantages resulting from citizenship in those States are concerned." *Council of Ins. Agents & Brokers v. Molasky-Arman*, 522 F.3d 925, 934 (9th Cir. 2008) (quoting *Supreme Court of Virginia v. Friedman*, 487 U.S. 59, 64 (1988)). Thus, "[d]iscrimination on the basis of out-of-state residency is a necessary element for a claim under the Privileges and Immunities Clause." *Giannini v. Real*, 911 F.2d 354, 357 (9th Cir. 1990).

[6] "The Due Process Clause provides that '[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law'" and "centrally concerns the fundamental fairness of governmental activity." *N.C. Dep't of Revenue v. Kimberley Rice Kaestner 1992 Family Tr.*, 139 S. Ct. 2213, 2219 (2019) (internal citations omitted).

[7] The Equal Protection Clause "guarantee[s] equal treatment to all citizens." *Richmond v. J. A. Croson Co.*, 488 U.S. 469, 476 (1989).

28 U.S.C §§ 1441, 1447. These sections set forth the procedure for removal and do not create a private cause of action. Plaintiff originally filed suit in federal court (*See* Doc. 1), thus removal is not at issue. Plaintiff cannot bring a claim under 28 U.S.C §§ 1441, 1447.

### 3.   18 U.S.C § 241

Relevant here, 18 U.S.C § 241 states:

> If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same . . . [t]hey shall be fined under this title or imprisoned not more than ten years, or both[.]

18 U.S.C § 241. Section 241 thus provides a cause of action for a criminal claim. At the outset, "Plaintiff, as a private citizen, has no standing to prosecute any alleged crimes." *Iegorova v. Feygan*, 2019 WL 4929910, at *2 (E.D. Cal. Oct. 7, 2019) (granting plaintiff's IFP application but dismissing plaintiff's claim brought under 18 U.S.C § 241). Plaintiff therefore cannot maintain a civil action under 18 U.S.C § 241. *Id.*

### B.   Claims Prohibited Against the Arizona Department of Child Safety and the Honorable Judge Christopher Whitten

Furthermore, Plaintiff is barred from bringing certain claims against DCS and Judge Whitten. First, DCS is a non-jural entity and cannot be sued. *East v. Arizona*, 2017 WL 6820141, at *2 (D. Ariz. Aug. 23, 2017). In Arizona, a plaintiff may sue a government entity only if the state legislature has granted that entity the power to sue or be sued. *See Schwartz v. Superior Court*, 925 P.2d 1068, 1070 (Ariz. Ct. App. 1996). The statutory provisions under which the legislature created DCS contain no such powers. *See* A.R.S. §§ 8-451–8-892. Therefore, DCS may not be sued, and the claims against it are dismissed with prejudice. *See East*, 2017 WL 6820141, at *2.

Second, judges and certain court officials who assist the court in the judicial process and who perform functions intimately related to, or an integral part of, the judicial process are protected by judicial or absolute immunity for acts performed in their official

capacities. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc); *Acevedo v. Pima County Adult Probation Dep't*, 690 P.2d 38, 40 (1984). The purpose behind judicial immunity is to protect "principled and fearless decision-making." *Rankin v. Howard*, 633 F.2d 844, 847 (9th Cir.1980) (quoting *Pierson v. Ray*, 386 U.S. 547, 554, (1967)). Plaintiff does not specify what conduct she seeks to hold Judge Whitten liable for. However, Judge Whitten is likely entitled to judicial immunity if the alleged conduct concerns actions performed in his official capacity as a judge.

In sum, the Court will dismiss Plaintiff's Complaint because she fails to bring any cognizable claim under any civil cause of action.

### III.   Leave to Amend

In accordance with the well-settled law in this Circuit, however, because "it is not 'absolutely clear' that [Plaintiff] could not cure [the Complaint's] deficiencies by amendment," the Court will give her the opportunity to do so. *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (citations omitted); *see also Lopez*, 203 F.3d at 1131 (en banc) (internal quotation marks and citations omitted) (holding that a pro se litigant must be given leave to amend his complaint "if it appears at all possible that the plaintiff can correct the defect" in the complaint). It will dismiss the Complaint and grant leave for Plaintiff to file a first amended complaint within **thirty (30) days** from the date of entry of this Order. *See* Fed. R. Civ. P. 15(a)(2) (leave to amend should be "freely" given "when justice so requires[]").

Plaintiff's complaint must be amended to address the deficiencies identified above and she must clearly designate on the face of the document that it is the "First Amended Complaint." Plaintiff should tell her case's story in a short and plain manner then state each claim or cause of action a separate count, alleging facts that that satisfy all of the elements of the claims she is bringing. For example, she must allege a private cause of action to base each of her claims, identify the legal elements to meet that cause of action, and allege sufficient and particularized facts that show how she meets each requisite element.

Plaintiff's amended complaint should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv"). Examples of different types of complaints demonstrating the proper form can be found in the appendix of forms that is contained with the Federal Rules of Civil Procedure (forms 11–21).[8] This amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference. It must also clearly state the grounds for this Court's jurisdiction, either by bringing a federal cause of action or by showing how the Court may exercise its diversity jurisdiction. *See* Fed. R. Civ. P. 8(a)(1).

The Court recommends Plaintiff review the information available in the District Court's Handbook for Self-Represented Litigants, which is available online.[9] Plaintiff should also be aware that "an amended complaint supersedes the original complaint and renders it without legal effect[.]" *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Thus, after amendment, the Court will treat an original complaint as nonexistent. *Id.* at 925.

### IV. Warning

Plaintiff is advised that if she elects to file an amended complaint but fails to comply with the Court's instructions explained in this Order, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)). If Plaintiff fails to prosecute this action, or if she fails to comply with the rules or any court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Accordingly,

---

[8] Those forms as well as the Federal Rules of Civil Procedure and the Local Rules, as well as other information for individuals filing without an attorney may be found on the District Court's internet web page at www.azd.uscourts.gov/.

[9] The Handbook may be found at http://www.azd.uscourts.gov/handbook-self-represented-litigants.

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is dismissed with leave to file a First Amended Complaint within **thirty (30) days** of the date this Order is entered.

**IT IS FURTHER ORDERED** that if Plaintiff does not file a First Amended Complaint within **thirty (30) days** of the date this Order is entered, the Clerk of Court shall dismiss this action without further order of this Court; and

**IT IS FINALLY ORDERED** that if Plaintiff elects to file a First Amended Complaint, it may not be served until and unless the Court issues an Order screening the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

Dated this 5th day of April, 2023.

Honorable Diane J. Humetewa
United States District Judge